# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DANIEL JOSEF MCDERMOTT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WAYNE MILLER, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:22-cv-00046-SLG-SAO |

## REPORT AND RECOMMENDATION TO DISMISS
## FOR FAILURE TO PROSECUTE

### I.　　Background

On March 8, 2022, Daniel Josef McDermott (hereinafter "Plaintiff"), a self-represented prisoner, filed a Prisoner's Complaint under the Civil Rights Act 42 U.S.C. § 1983, along with a civil cover sheet, a Prisoner's Application to Waive Prepayment of the Filing Fee, and an Unissued Summons regarding Defendant Miller.[1] Subsequently, Plaintiff filed a Motion Asking This Court to Serve Each Defendant a Summons and Complaint, and a Motion Asking This Court to Screen the Second Lawsuit Before Screening this One.[2]

---

[1] Dockets 1–4.

[2] Dockets 6 & 7.

The Court screened Plaintiff's Complaint in accordance with 28 U.S.C. §§1915(e) and 1915A, found it failed to state a claim upon which relief could be granted, gave guidance on the applicable law, and granted leave for Plaintiff to amend or withdraw.[3] Additionally, the Court granted the Application to Waive Prepayment of the Filing Fee, but denied the other pending motions.[4]

In the July 15, 2022, Screening Order, Plaintiff was cautioned that if he "does not file either an Amended Complaint or a Notice of Voluntary Dismissal on the Court form by **August 16, 2022**, this case may be DISMISSED WITH PREJUDICE … and count as a "strike" against Plaintiff [.]"[5] Plaintiff has not responded to the Court and is 42 days past his established deadline. As of the date of this Order, Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to timely file responsive documents, contact the Court, or otherwise cooperate in prosecuting this action.

## II. Discussion

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. In deciding whether to

---

[3] Docket 8.

[4] Docket 8 at 16–17.

[5] Docket 8 at 17–18 (citing 28 U.S.C. § 1915(g) prohibiting a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury.").

Case No. 3:22-cv-00046-SLG-SAO, *McDermott v. Miller, et al.*
Report and Recommendation to Dismiss for Failure to Prosecute
Page 2 of 7

Case 3:22-cv-00046-SLG-SAO   Document 10   Filed 09/27/22   Page 2 of 7

dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[6]

Here, the first two factors — the public's interest in expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. Plaintiff's failure to file an amended complaint within the specified timeline suggests Plaintiff does not intend to litigate this action diligently.[7] As established, Plaintiff is 42 days past his established deadline. Further, a presumption of prejudice to a defendant arises when the plaintiff unreasonably delays prosecution of an action.[8] Because Plaintiff has not offered any justifiable reason for failing to meet the Court's deadline, the third factor also favors dismissal.[9]

---

[6] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

[7] *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward... disposition at a reasonable pace, and to refrain from dilatory and evasive tactics").

[8] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[9] *See Hernandez v. City of El Monte,* 138 F.3d 393, 401 (9th Cir.1998) (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay).

Case No. 3:22-cv-00046-SLG-SAO, *McDermott v. Miller, et al.*
Report and Recommendation to Dismiss for Failure to Prosecute
Page 3 of 7

Case 3:22-cv-00046-SLG-SAO   Document 10   Filed 09/27/22   Page 3 of 7

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.[10] However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction,"[11] which is the case here. In the Screening Order at Docket 8, the Court analyzed the myriad of alleged claims and provided extensive guidance to the Plaintiff on the required elements of his alleged claims and the applicable law.  Thus, although this factor typically weighs against dismissal, it does not overcome Plaintiff's failure to amend his complaint when given clear instructions from the Court.

The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions."[12] The Court's Screening Order provided Plaintiff guidance on relevant law and an opportunity to amend his complaint.  Further, the Court expressly warned Plaintiff that his failure to comply with the Court's order would result in a dismissal of this action.

---

[10] *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

[11] *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citing *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)).

[12] *Conn. Gen. Life Ins.*, 482 F.3d at 1096 (internal citation omitted).

Case No. 3:22-cv-00046-SLG-SAO, *McDermott v. Miller, et al.*
Report and Recommendation to Dismiss for Failure to Prosecute
Page 4 of 7

The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation. It is a litigant's duty, to keep the Court apprised of their current address and telephone number.[13] The Court includes this reminder of the local and rules and a warning that failure to file a change of address may result in dismissal under Rule 41(b) of Federal Civil Procedure.[14] Though the Court notes, that Plaintiff's mail was undeliverable to him, this does not absolve him of his duty to comply with the Court's rules or his obligation to litigate. The Court finds no other lesser sanction to be satisfactory or effective in this case. Accordingly, this action should be dismissed for failure to prosecute.[15]

This dismissal would count as a "strike" against Plaintiff under § 1915(g).[16] Plaintiff already has one strike from a prior dismissed lawsuit (*McDermott v., Hayes, et al.*, Case No. 3:21-cv-00274-SLG-SAO). After three strikes, Plaintiff will be unable to file lawsuits under *in forma pauperis* status, unless he demonstrates

---

[13] Local Civil Rule 11.1(b)(2).

[14] Docket 8 at 18.

[15] See, e.g., *Henderson, 779 F.2d at 1424* (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted); *Adriana International Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir.1990) (explaining despite all the elaboration of factors, it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning); *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead).

[16] Docket 17 at 15.

Case No. 3:22-cv-00046-SLG-SAO, *McDermott v. Miller, et al.*
Report and Recommendation to Dismiss for Failure to Prosecute
Page 5 of 7

Case 3:22-cv-00046-SLG-SAO   Document 10   Filed 09/27/22   Page 5 of 7

"imminent danger of serious physical injury." The Court cautions Plaintiff as to his strike status.

**IT IS THEREFORE RECOMMENDED:**

1. This action should be **DISMISSED WITHOUT PREJUDICE**.

2. All pending motions are **DENIED AS MOOT.**

3. This dismissal is Plaintiff's second strike under 28 U.S.C. § 1915(g).[17] If Plaintiff receives a third strike, he will be unable to file future lawsuits in federal court without paying the filing fee or demonstrating he is in imminent danger of serious physical injury with any request to waive prepayment of the filing fee.

4. The Clerk of Court should issue a final judgement.

DATED this 27th day of September, 2022 at Fairbanks, Alaska.

                         /s/
                         Scott A. Oravec
                         UNITED STATES MAGISTRATE JUDGE

**NOTICE OF RIGHT TO OBJECT**

A party may file written objections to the magistrate judge's order within 14 fourteen days.[18] Objections and responses are limited to five (5) pages in length

---

[17] *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1722 (2020) (holding that Section 1915(g)'s three-strikes provision refers to any dismissal for failure to state a claim, whether with prejudice or without prejudice.).

[18] *Id.*

Case No. 3:22-cv-00046-SLG-SAO, *McDermott v. Miller, et al.*
Report and Recommendation to Dismiss for Failure to Prosecute
Page 6 of 7

and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support.

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[19] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[20]

Objections are reviewed and evaluated by a district court judge. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[21]

---

[19] 28 U.S.C. § 636(b)(1)(B).

[20] 28 U.S.C. § 636(b)(1)(C).

[21] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

Case No. 3:22-cv-00046-SLG-SAO, *McDermott v. Miller, et al.*
Report and Recommendation to Dismiss for Failure to Prosecute
Page 7 of 7

Case 3:22-cv-00046-SLG-SAO Document 10 Filed 09/27/22 Page 7 of 7